**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-01458-RMR

SAYAD FAISAL SADAT,

      Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
GEORGE VALDEZ, Acting Field Office Director, Denver, Immigration and Customs
      Enforcement, Enforcement and Removal Operations,
TODD LYONS, Acting Director of Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Acting Secretary of the U.S. Department of Homeland
      Security, and
TODD BLANCHE, Acting Attorney General of the United States,

      Respondents.

---

## ORDER

---

Petitioner Sayad Faisal Sadat is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. He has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Petition"). ECF No. 1. Petitioner claims that his prolonged and continued detention violates 8 U.S.C. § 1231(a)(6) and his Fifth Amendment due process rights as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). For the reasons stated below, the Petition is GRANTED.

## I. BACKGROUND

Petitioner is a native and citizen of Afghanistan who was apprehended near Lukeville, Arizona on January 1, 2025, shortly after entering the United States. ECF No.

16-1 ¶¶ 4-5. He was transferred to Immigration and Customs Enforcement ("ICE") custody on January 12, 2025. *Id.* ¶ 8. On or about January 16, 2025, Petitioner claimed a fear of persecution if returned to Afghanistan, and he was referred to the United States Citizenship and Immigration Services ("USCIS") for a credible fear interview. *Id.* ¶ 9. On January 30, 2025, the government issued a Notice to Appear charging Petitioner as inadmissible for lack of documentation and entry without admission or parole under 8 U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). *Id.* ¶ 10.

An immigration judge sustained the charges of inadmissibility on February 24, 2025. *Id.* ¶ 11. Petitioner filed an application for relief on March 26, 2025. *Id.* ¶ 13. The immigration judge found Petitioner's application to be incomplete and ordered Petitioner removed. *Id.* ¶ 14. Neither party appealed, rendering the order or removal administratively final on July 20, 2025. *Id.* ¶ 15. ICE continued to detain Petitioner under 8 U.S.C. § 1231(a). *Id.* ¶ 16.

Between October 2025 to April 2026, ICE conducted three Post Order Custody Reviews, determining each time that Petitioner did not satisfy the criteria for release. *Id.* ¶¶ 19-22. ICE continues to detain Petitioner while it works "on securing transportation or removal authorization from Afghanistan to remove Petitioner there." *Id.* ¶ 22. Petitioner filed the instant *pro se* habeas petition asserting that his continued detention by ICE violates his due process rights, claiming his detention violates 8 U.S.C. § 1231 and his due process rights because it has exceeded the presumptively reasonable sixth-month period recognized in *Zadvydas* and removal is not reasonably foreseeable. ECF No. 1.[1]

---

[1] Respondents filed a Response to the Court's Order to Show Cause. ECF No. 16.

## II. LEGAL STANDARDS

### A. Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Habeas corpus proceedings under 28 U.S.C. § 2241 'remain available as a forum for statutory and constitutional challenges to post-removal-period detention.'" *Singh v .Choate,* No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas,* 553 U.S. at 688); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

### B. Detention Under 8 U.S.C. § 1231

The detention of noncitizens subject to a removal order is governed by 8 U.S.C. § 1231. When a noncitizen is ordered removed, removal should ordinarily be effectuated within a period of 90 days, known as the "removal period." 8 U.S.C. § 1231(a)(1). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). After the 90-day removal period, ICE has discretion to detain inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6). However, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months.

*Zadvydas*, 533 U.S. at 701. After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

### III. ANALYSIS

Respondents do not dispute that Petitioner's post-removal detention under § 1231 exceeds the presumptively reasonable six-month period established by *Zadvydas*. Petitioner's removal order became administratively final on July 20, 2025, and he has remained detained—as of the date of this Order—for more than eleven months. Therefore, Petitioner bears the initial burden to show "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The Court finds that Petitioner has met his initial burden. In the Petition, which is supported by several exhibits, Petitioner states that "numerous embassies" have been contacted but "no country [has] answer[ed]"; that "ICE informed [him] that [they] cannot deport [him] to [Afghanistan] until they make a transportation letter [and] [t]hey are still waiting for [his] transportation letter"; that ICE has not "provided [him] any time line or concrete plan for [his] removal"; and that he has been detained nearly one year since his order of removal became final and removal has not materialized and little to no steps have been taken to effectuate removal during this period. ECF No. 1 at 2, 5, 7, 8, 9, 13.[2]

---

[2] The Court further notes that other courts have recently observed that "[a]ny effort to remove [an Afghani citizen] to Afghanistan runs through the Taliban. There is no diplomatic relations between the United States and the . . . regime controlling Afghanistan. *See Zaheri v. Baltazar, et al.,* Civil Action No. 1:26-cv-02121-CNS, 2026 WL 1732944 (D. Colo. June 16, 2026) (citing *Wazir v. Att'y Gen. of United States,* No. 26CV526, 2026 WL 1122610, at *3 (M.D. Pa. Apr. 24, 2026)).

Respondents do not contest Petitioner's allegations. According to Respondents, on September 8, 2025, ICE submitted a letter of removal or transportation to the U.S. Mission to Afghanistan to Doha, to be transmitted to the government of Afghanistan," which "is currently pending approval." ECF No. 16-1 ¶¶ 17, 24. Respondents further concede that they presently have no additional information to demonstrate that removal is likely in the reasonably foreseeable future. ECF No. 16 at 8 ("At this time, however, Respondents do not have additional information to present to the Court concerning their efforts to remove Petitioner.").

Based on the foregoing, the Court finds that Petitioner has met his initial burden that there is good reason to believe that Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future. *See Fazel v. Lyons,* No. 26-CV-00692, 2026 WL 1664099, at *5 (S.D. Tex. June 9, 2026) (noncitizen petitioner established that he had "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" where his "only country of citizenship is Afghanistan;" "he cannot be removed there without a transit letter;" and "[h]e has not been notified of a third country for removal.").

Then, the burden shifts to Respondents to produce evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. As explained above, the Response provided by Respondents does not meet that burden. Instead, Respondents offer to file a status report within thirty days. ECF No. 16 at 9 ("If the Court so orders, Respondents will submit a status report within thirty days concerning the status of their efforts to remove Petitioner."). But they provide no evidence to rebut Petitioner's showing or provide any timeline or concrete plan for removal. The Supreme Court has rejected the proposition that continued

detention is lawful "as long as good faith efforts to effectuate . . . deportation continue." *Zadvydas*, 533 U.S. at 702. Ongoing efforts alone are insufficient. The record must show concrete evidence that a specific country will accept Petitioner and that removal is significantly likely in the reasonably foreseeable future. *See Aguilar v. Noem*, No. 25-cv-03463-NYW, 2025 WL 3514282, at *5–6 (D. Colo. Dec. 8, 2025) (finding ICE's statement that it was "pursuing" third-country removal options insufficient when no concrete steps or confirmed third-country acceptance was identified). On this record, the Court concludes Respondents have not rebutted Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. As such, Petitioner's continued detention is therefore not authorized under § 1231(a)(6) as construed in *Zadvydas*.

## IV. CONCLUSION

Accordingly, consistent with the foregoing analysis and based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;

2. Respondents shall release Petitioner from custody **IMMEDIATELY**, but no later than **July 7, 2026** and may impose reasonable conditions of release or supervision;

3. Respondents shall file a status report by **July 9, 2026** to certify compliance; and

4. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing, that Petitioner is a flight risk or danger to the community

6

such that his physical custody is legally justified. At any such bond hearing, the government shall bear the burden of proof.

DATED: July 2, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge